IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANNALIESE DUGAN, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-01219-O |
| | § | |
| RESERVOIR RESTAURANT INC | § | |
| | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

Before the Court are Plaintiffs' Motion for Partial Summary Judgment, Brief in Support, and Appendix in Support (ECF Nos. 62–64); Defendant's Response (ECF No. 68); and Plaintiffs' Reply (ECF No. 69). Having reviewed the briefing and applicable law the Court finds that the Motion should be, and hereby is, **GRANTED**.

### I. BACKGROUND[1]

Plaintiffs are all former servers employed by Defendant. While working as servers, Defendant paid Plaintiffs an hourly wage of $2.13 per hour, which is less than the $7.25 minimum wage required by the Fair Labor Standards Act ("FLSA"). For every shift Plaintiffs worked as servers, Defendant took a $1 fee from their tips "for things such as silverware, pens, things like that[.]" In addition to that $1 per-shift fee, for each shift worked, Defendant required Plaintiffs to surrender additional amounts from their tips equal to either 3.25% or 2.25% of each server's total

---

[1] Unless otherwise stated, the Court's recitation of the undisputed facts is taken from the parties' summary judgment briefing.

sales for the shift. These additional tips were pooled together with the tips Defendant collected from all its servers.

The Parties dispute what amount Defendant actually withheld from Plaintiffs' tips.[2] They also disputed to whom Defendant distributed the pooled money and whether that money was only distributed to those employees who were engaged in "customarily and regularly tipped" occupation.[3] Plaintiffs filed suit alleging violations of the FLSA for Defendant's failure to pay the minimum wage pursuant to 29 U.S.C. § 206 and for unlawful "kick-backs" under 29 U.S.C. § 203(m). Plaintiffs now move for partial summary judgment on Defendant's liability as to both claims and for damages as to the failure to pay the minimum wage claim. The Motion has been briefed and is now ripe for this Court's review.

## II.   LEGAL STANDARD

The Court may grant summary judgment when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not "a disfavored procedural shortcut, but rather . . . an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks and citation omitted).

"[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis for its motion and demonstrate from the record that no genuine dispute as to any material fact exists. *Celotex*, 477 U.S. at 323. The Court must view the evidence in the

---

[2] Pls.' Br. Supp. Mot. Summ. J. 9–12, ECF No. 63.
[3] *Id.*; Def.'s Resp. Pls.' Mot Summ. J. 3–4, ECF No. 68

light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). And if there appears to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the Court must deny the motion for summary judgment. *Anderson*, 477 U.S. at 250.

"The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "The opposing parties' failure to produce proof as to any essential element of a claim renders all other facts immaterial." *2223 Lombardy Warehouse, LLC v. Mount Vernon Fire Ins. Co.*, No. 3:17-CV-2795-D, 2019 WL 1583558, at *6 (N.D. Tex. Apr. 12, 2019) (Fitzwater, J.). Summary judgment is mandatory if the parties fail to meet this burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### III. ANALYSIS

Plaintiffs move for partial summary judgment on Defendant's liability under the FLSA's minimum provisions codified as 29 U.S.C. §§ 206, 216(b).[4] Plaintiff asserts that Defendant is liable on two independent bases. Plaintiffs first argue that Defendant unlawfully took a $1.00 per shift fee directly from every server's tips.[5] Second, they argue that Defendant cannot show all tips contributed to the tip pool were fully distributed solely among customarily and regularly tipped employees, as required by the FLSA.[6]

Section 206(a) of the FLSA requires employers to pay employees a minimum wage currently set at $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). The FLSA contains an exception which permits employers to pay "tipped employees" $2.13 per hour—less than the minimum wage—

---

[4] Pls.' Mot. Summ. J. 2, ECF No. 62.
[5] Pls.' Br. Supp. Mot. Summ. J. 17–19, ECF No. 63.
[6] *Id.* at 19–26.

when the tipped employees' tips make up the difference to the minimum wage. § 203(m). The employer's discount is called the "tip credit." *See id.*; *Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 188 (5th Cir. 2015). Defendant "bear[s] the burden of establishing its entitlement to the tip credit." *Montano*, 800 F.3d at 189.

To receive the tip credit, Defendant must prove (1) the employee being paid less than minimum wage also earns tips; (2) the total amount of tips earned equals or exceeds the minimum wage; and (3) "all tips received by the tipped employee [are] retained by that employee." *Black v. DMNO, LLC*, No. cv 16-2708, 2018 WL 2306939, at *3 (E.D. La. May 21, 2018). "If an employee is required to share tips with an employee who does not customarily and regularly receive tips, the employer may not take a tip credit, and must compensate its employees at the full minimum wage rate." *Id.* The Fifth Circuit has held that "because [defendant] has the burden to prove its entitlement to the tip credit," to prevail on summary judgment, a plaintiff only need to "point out that [Defendant's] evidence contains insufficient proof" to satisfy an element of the tip credit. *See, e.g., Ettorre v. Russos Westheimer, Inc.*, No. 21-20344, 2022 WL 822181, at *2 (5th Cir. Mar. 18, 2022) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Plaintiffs assert that "Defendant violated the tip credit as a matter of law because Defendant cannot prove (1) Plaintiffs retained all tips; and (2) to the extent Defendant claims a portion of the tips it took from Plaintiffs was for a tip pool, Defendant cannot show all the tips it took for any tip pool were fully distributed solely to pay employees who were engaged in an occupation that is customarily and regularly tipped."[7] Defendant concedes that Plaintiffs did not retain all of their tips.[8]

---

[7] Pls.' Br. Supp. Mot. Summ. J. 14, ECF No. 63.
[8] Def.'s Resp. Pls.' Mot Summ. J. 3, ECF No. 68 ("Defendant concedes Plaintiffs did not retain all tips at all times.").

### A. The $1.00 Fee

Defendant "does not dispute the factual allegations regarding the $1.00 reimbursement charge," and concedes that if the Court follows *Ettorre* then "Plaintiffs are entitled to partial summary judgment."[9] The Court finds the Fifth Circuit's reading in *Ettorre* to be applicable and finds that Defendant violated the FLSA's tip credit as a matter of law.

"The FLSA does not permit an employer to transfer to its employees the responsibility for the expenses of carrying on an enterprise." *Reich v. Priba Corp.*, 890 F. Supp. 586, 596–97 (N.D. Tex. 1995) (holding employer liable for violation of tip credit because employees were required to pay for their uniforms) (citing 29 C.F.R. § 531.3(d)(1), (2)); *see also e.g., Steele v. Leasing Enters.*, 826 F.3d 237, 244–46 (5th Cir. 2016) (affirming the district court's holding that employer may not transfer standard operating costs of running a business upon its tipped employees).

Here, Defendant does not dispute that it took $1 per shift from Plaintiffs' tips each shift to pay "for things such as silverware, pens, things like that."[10] This $1 dollar deduction violates § 203(m) unless the "facilities" it covers counts as a "wage." An employer may count towards wages, "the reasonable cost ... of furnishing [an] employee with board, lodging, or other facilities, if [they] are customarily furnished by [the] employer to his employees." § 203(m)(1). "Reasonable cost" means the "actual cost" to the employer and does not include any profit to the employer. 29 C.F.R. § 531.3(a)–(b). And any facility provided that is "primarily for the benefit or convenience of the employer" is not a reasonable cost. *Id.* § 531.3(d)(1). The cost of silverware, pens, and "things like that" is primarily for the benefit of the employer and is thus unreasonable. *Id.* § 531.3(d)(2)(iii); *see also Ettorre*, 2022 WL 822181, at *3 (holding that a $10

---

[9] *Id.* at 2–3.
[10] Pls.' App. Supp. Mot. Summ. J. Ex. 1 (Reed Dep.) 51:3–15, App. 014, ECF No. 64-1.

bi-weekly deduction taken from server's paycheck for a "linen fee" violated the tip credit as a matter of law).

The FLSA provides that an employer who violates its minimum wage provisions be liable in the full amount of the minimum wage and an additional equal amount as liquidated damages, plus attorney's fees. *Singer v. City of Waco*, 324 F.3d 813, 822 (5th Cir. 2003); 29 U.S.C. § 216(b). Here, because Defendants have paid only $2.13 of the $7.25 minimum wage, they owe $5.12 per hour for all hours worked by Plaintiffs when the $1 fee was imposed and liquidated damages in an equal amount.[11]

### B. Defendant's Tip Pool Defense

Plaintiffs also argue that Defendant is liable under the FLSA's tip credit for failing to prove that it operated a lawful tip pool.[12] Under the FLSA, "the general rule is that an employer may not claim the tip credit unless a tipped employee is permitted to retain all of his tips." *See Montano*, 800 F.3d at 188. "The statute provides a limited exception to this rule by permitting 'the pooling of tips among employees who customarily and regularly receive tips.'" *Id.* at 188–89 (citing 29 U.S.C. § 203(m)).

As noted *supra*, Defendant admits Plaintiffs "did not retain all tips at all times," but maintains that "when Plaintiffs did tip-out, all tips were distributed solely to pay employees who were engaged in an occupation customarily and regularly tipped."[13] The inquiry into who is

---

[11] An employer may avoid the imposition of liquidated damages if the employer shows: (1) that the act or omission giving rise to such action was in good faith and (2) that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA. *See Williams v. Sake Hibachi Sushi & Bar, Inc.*, Civil Action No. 3:18-CV-0517-D, 2020 WL 3317096, at *4 (N.D. Tex. June 18, 2020) (citations omitted). The burden of proving that the two-prong test has been met is on the employer. 29 U.S.C. § 260 ("if the employer shows to the satisfaction of the court"); *Thomas v. Louisiana*, 348 F. Supp. 792, 796 (W.D. La. 1972). Defendant offers no evidence or argument that it acted in good faith. Accordingly, Defendant has failed to meet its burden and the Court takes it as undisputed that Defendant did not act in good faith. *Id.*
[12] Pls.' Br. Supp. Mot. Summ. J. 16–24, ECF No. 63.
[13] Def.'s Resp. Pls.' Mot Summ. J. 3, ECF No. 68.

"customarily and regularly tipped" is fact-intensive and depends on actual duties, not job titles. *See Montano*, 800 F.3d 186, 194 (5th Cir. 2015) ("Determining whether an employee is one who 'customarily and regularly receives tips' is a fact intensive inquiry that requires a case-by-case analysis of the employee's duties and activities."). Defendant has the burden of showing its tip pool was lawful. *Id.* at 189.

    The only evidence Defendant has offered to support its position is the affidavit of Defendant's authorized agent, Emil Bragdon ("Bragdon"). Federal Rule of Civil Procedure 56(e) requires an affidavit or declaration used to support or oppose a motion for summary judgment to (1) be made on personal knowledge; (2) set forth facts that would be admissible in evidence; and (3) show affirmatively that the affiant is competent to testify to the matters stated. *See* FED. R. CIV. P. 56(c)(4). Declarations asserting personal knowledge must include enough factual support to show that the declarant possesses that knowledge. *See Amie v. El Paso Ind. Sch. Dist.*, 253 F. App'x 447, 451 (5th Cir. 2007). Conclusory declarations cannot create fact issues to defeat a summary judgment. *See First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009); *see also Amie*, 253 F. App'x at 451 (summary assertions or conclusory allegations in a declaration are simply not enough proof to raise a genuine issue of material fact). "[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Hugh Symons Grp. v. Motorola*, Inc., 292 F.3d 466, 468 (5th Cir. 2002).

    Here, Bragdon does not aver the basis of his "personal knowledge." In fact, Bragdon's affidavit contradicts his prior testimony.[14] In his deposition testimony, Bragdon expressly stated

---

[14] *See e.g.,* Pls.' App. Supp. Mot. Summ. J. Ex. 2 (Bragdon Dep.) 23:11–25:1, 31:5–14, 34:3–37:12, App. 034–38, ECF No. 64-2 ("I do not have personal knowledge because I don't hand out the money.").

that he did not know which employees received money from the tip pool and that records of tip distributions were not kept.[15] Even setting aside Bragdon's testimonial inconsistencies, his affidavit consists solely of summary assertions and conclusory decelerations.[16] Bragdon's conclusory and unsubstantiated assertions that "all amounts Plaintiffs tipped out were distributed to bartenders, bussers, and . . . hosts" and that "[n]one of these tip-outs were distributed to any other employee of Defendant"[17] are insufficient to meet Defendant's burden. *Ryan v. Phillips*, 558 Fed. App'x 477, 478 (5th Cir. 2014) (holding that the appellant's "conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence" that he did initiate it). Here, the summary judgment evidence shows Bragdon cannot even name a particular employee who received tips from a tip pool, let alone establish that those unnamed employees were the kind that "customarily and regularly receives tips."[18] *Montano*, 800 F.3d at 194 ("[W]hether an employee is one who 'customarily and regularly receives tips' is a fact-intensive inquiry that requires a case-by-case analysis of the employee's duties and activities.").

Defendant's lack of evidence to support its tip pool defense is fatal. The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element

---

[15] *Id.*
[16] Def.'s Resp. Pls.' Mot Summ. J. Ex. A, ECF No. 68.
[17] *Id.*
[18] Pls.' App. Supp. Mot. Summ. J. Ex. 2 (Bragdon Dep.) 31:5–14, 34:3–37:12, App. 036–38.

of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted). Accordingly, Defendant has failed to meet its burden to prove it operated a lawful tip pool in compliance with the FLSA.

## IV.   CONCLUSION

For the forging reasons, Plaintiffs' Motion for Partial Summary Judgment (ECF No. 62) is **GRANTED**. The Court **DEFERS** entering judgment as to Plaintiffs' damages on their failure to pay the minimum wage claim until the issue of damages for Plaintiffs' kick-back claim is resolved.

**SO ORDERED** on this **3rd day** of **March, 2026.**

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**