**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **Annaliese Dugan and Eline Bandy, individually and on behalf of all others similarly situated** | § | |
| ***Plaintiffs,*** | § | |
| **v.** | § | **Civil Action No. 4:23-cv-01219-O** |
| **Reservoir Restaurant Inc.** | § | |
| ***Defendant.*** | § | |

**OPINION AND ORDER**

Before the Court are Plaintiffs' Annaliese Dugan and Eline Bandy, individually and on behalf of all others similarly situated (collectively, "Plaintiffs") Motion for Attorneys' Fees and Costs (ECF 97), Defendant Reservoir Restaurant Inc.'s ("Defendant") Response (ECF. 102), and Plaintiffs' Reply (ECF 103). Having reviewed the briefing and applicable law, the Court **GRANTS** the Motion.

## I. BACKGROUND

The Court incorporates the factual background from the Joint Stipulation to Entry of Agreed Final Judgment.[1] When the Court entered the Agreed Final Judgment, based on a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), it awarded unpaid minimum wages, unlawful tip-pool contributions, equal liquidated damages, and post-judgment interest for

[1] Joint Stipulation to Entry of Agreed Final Judgment, ECF No. 93.

a sum of $69,173.74, with interest at 3.70% per annum from March 27, 2026.[2] Plaintiffs now move under 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 54(d) for attorneys' fees of $166,622.50 and costs of $3,639.65, for a total of $170,262.15, plus post-judgment interest under 28 U.S.C. § 1961(a).[3]

## II. LEGAL STANDARDS

Under 29 U.S.C. § 216(b), a court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action" to a prevailing plaintiff in an FLSA action. The fee award is mandatory, not discretionary. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043–44 (5th Cir. 2010); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502–03 (5th Cir. 2013); *Tyler v. Union Oil Co.*, 304 F.3d 379, 404 (5th Cir. 2002).

Once a district court determines that a party is entitled to attorney's fees, it must utilize the lodestar method to determine the amount to be awarded. To determine the appropriateness of an award of attorney's fees, district courts follow a two-step process. *Alexander v. City of Jackson Miss.*, 456 F. App'x 397, 399 (5th Cir. 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). At step one, the Court makes its "lodestar" calculation in which it determines the reasonable number of hours expended on the litigation and the reasonable hourly rate to be charged then multiplies the hours expended by the hourly rate. *Id.* In determining the reasonable hours expended, courts may accept the attorney's adequately documented billing records but must exclude any time deemed excessive, duplicative, or inadequately descriptive. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

---

[2] Joint Stipulation to Entry of Agreed Final Judgment, ECF No. 93; Final Judgment, ECF No. 94.
[3] Mot Attorney's Fees, ECF No. 97.

At step two, the Court exercises its broad discretion to determine whether the lodestar should be adjusted upward or downward, taking into consideration the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th. Cir 1974). *See Alexander*, 456 F. App'x at 399 (cleaned up). Those factors include: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney by acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–18 (cleaned up). Though a district court has broad discretion to weigh these factors, "[t]he lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Importantly, there is a strong presumption that the requested lodestar amount is reasonable, meaning it should only be modified if exceptional circumstances warrant an adjustment. *Watkins*, 7 F.3d at 457.

Once the movant requesting attorney's fees produces documentation establishing the lodestar, the party opposing the fee bears the burden of showing that a reduction is warranted. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995) (citing *United States Football League v. National Football League*, 887 F.2d 408, 414 (2d Cir. 1989)). Finally, "the most critical factor in determining an attorney's fee award is the 'degree of success obtained.'" *Saizan v. Delta Concrete Prods. Co*., 448 F.3d 795, 799 (5th Cir. 2006) (quoting *Singer v. City of Waco, Tex*., 324 F.3d 813, 829 (5th Cir. 2003)).

## III. ANALYSIS

### A. Reasonable Rates

Defendant does not challenge the hourly rates, which Plaintiffs voluntarily discounted from $650 per hour for lead counsel Drew N. Herrmann and $595 per hour for Pamela G. Herrmann to $550 and $495 per hour respectively.[4] Accordingly, the Court finds the billing rates to be reasonable. *See also Trade Group, Inc. v. BTC Media, LLC*, No. 4:23-CV-00555-P, 2025 WL 36528, at *5 (N.D. Tex. Jan. 6, 2025) (finding Jackson Walker, LLP rates between $355 and $850 to be reasonable).

### B. Reasonable Hours

Defendant does not challenge the reasonableness of the hours.[5] Plaintiffs assert they spent 328.40 total hours dealing with the litigation in this case, only requesting compensation for 310.90 hours.[6] The Court finds this to be reasonable.

Here, as required by settled caselaw, Plaintiffs documented the hours expended, and excluded time that was excessive, redundant, or otherwise unnecessary. *See Saizan*, 448 F.3d at 799; *see also Hensley*, 461 U.S. at 434. Plaintiffs wrote off 17.50 hours of time valued at approximately $6,528.00 at current rates, including: (a) all 10.10 hours of non-attorney legal support staff time ($1,767.50); (b) 5.60 hours of Mr. Herrmann's time ($3,640.00); (c) 0.90 hours of Mr. Herrmann's time for preparing notices of filing opt-in consent forms ($585.00); and (d) 0.90 hours of Ms. Herrmann's time for a single intra-office conference ($535.50).[7] Plaintiffs further discounted $100 per hour across all 310.90 hours requested, leaving the total voluntary reduction

---

[4] Mot. Attorney's Fees 6, ECF 97.
[5] *See generally* Def.'s Resp. ECF No. 102.
[6] *See* Mot. Attorney's Fees 14, ECF 97.
[7] *See* Herrmann Decl. ¶ 26, ECF No. 98-1.

to $37,618.00.[8] These hours were well documented over the nearly three-year litigation.[9] Due to the duration and complexity of the case, alongside the voluntary exclusions, the Court holds that 310.90 hours are reasonable.

**C. Lodestar Calculation**

The Court does not find that the *Johnson* factors warrant an enhancement or detraction. *Watkins*, 7 F.3d at 457. Here, the plaintiffs prevailed on every claim. *See Saizan*, 448 F.3d at 799; *See also Hensley*, 461 U.S. at 434. Furthermore, Defendant has offered no rebuttal or contested the reasonableness of any hour or rate. [10] Defendant's only challenge arises under a theory that Plaintiffs prevented earlier settlement by objecting to fee discovery.[11] The record refutes this argument.

Defendant's objections for fee discovery to be grounds to oppose the award are invalid objections, and the lack of disclosure at the fact-finding stage is not grounds to oppose an award of attorney's fees.[12] *See, e.g., TBC-JP-LR, JV v. Allied Prop. & Cas. Ins. Co.*, No. 4:17-CV-131-Y, 2018 WL 10563033, *5–6 (N.D. Tex. Sept. 10, 2018). Additionally, Defendant never moved to compel under Rule 37, which would have been a more proper remedy rather than crying afoul *ex post*. Furthermore, in the settlement conference after summary judgment was granted for the Plaintiffs, the Defendant only offered $35,000 inclusive of fees and costs, which was lower than the damages granted from the judgment.[13] The Plaintiffs on multiple occasions even expressed

---

[8] *Id.* at ¶ 27.
[9] *Id.*
[10] *See generally* Def.'s Resp. ECF No. 102.
[11] *Id.* at 3–4.
[12] *Id.*
[13] Reply 11, ECF No. 103; Herrmann Decl. ¶ 18 ECF No. 98-1.

substantial willingness to share the details of fees, in pursuit of a settlement.[14] This indicates that the lack of disclosure is not the main reason for the delay in litigation, and that the Defendant's argument is inconsistent with the record. Thus, the Court finds the Defendant has not demonstrated that a reduction or denial of attorney's fee is warranted. *Kellstrom*, 50 F.3d at 329.

### D. Costs and Interest

Plaintiffs seek costs of $3,639.65, itemized in Exhibit 1-B to the Herrmann Declaration. Costs are recoverable by a prevailing FLSA plaintiff under 29 U.S.C. § 216(b). *See also* Fed. R. Civ. P. 54(d)(1); *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006). Defendant does not challenge the amount of costs. The Court finds the requested costs reasonable and awards them in full. Plaintiffs also seek post-judgment interest on the fee and cost award at the statutory rate under 28 U.S.C. § 1961(a). Post-judgment interest applies to FLSA fee and cost awards. *Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 751–52 (5th Cir. 1983). The Court awards post-judgment interest at the rate prescribed by 28 U.S.C. § 1961(a) from the date of this Order until paid in full.

## IV. CONCLUSION

Plaintiffs' Motion for Attorneys' Fees and Costs (ECF. 97) is **GRANTED**. Thus, the Court awards **$170,262.15** in attorney's fees and costs, with interest accruing at the statutory rate prescribed by 28 U.S.C. § 1961(a), calculated from the date of this Order until paid in full.

**SO ORDERED** on this **9th day** of **October 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

[14] Def.'s Br. Supp Resp. Mot. Attorney Fees & Costs 10, ECF 102 ("With that said, if your client is seeking this information in order to discuss settlement, please let us know."); *Id* at 48 ("if you provide us with payroll information to make a settlement demand, we will provide you information, as part of a settlement demand, regarding the amount of our attorneys' fees and costs.").